UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 26 2006 ★
BROOKLYN OFFICE

---------------------------------X

FRANCIS LAM,

               Plaintiff,

-against-

UNITED STATES POSTAL SERVICE,
KENSINGTON POST OFFICE,

               Defendants.

---------------------------------X

MEMORANDUM
AND ORDER
06-CV-0268 (JG)

JOHN GLEESON, United States District Judge:

        Plaintiff Francis Lam, appearing *pro se*, filed the instant action on January 23, 2006, alleging that defendants failed to deliver a registered package sent from China to his Brooklyn address. By order dated February 26, 2006, I directed Lam to amend his complaint within thirty (30) days to allege how he complied with all postal regulations in seeking recovery for loss of international inbound mail. *Lam v. U.S. Postal Serv., et al.*, No. 06-CV-0268, slip op. at 3-4 (JG) (E.D.N.Y. Feb. 26, 2006). Lam filed an amended complaint on March 24, 2006. Upon reviewing Lam's submission, I conclude that he has failed to comply with my prior order and direct him to file a second amended complaint within thirty (30) days of the date of this Order as further explained below.

        In my prior order, I held that in order for Lam to proceed against the United States Postal Service ("USPS") for loss of international inbound registered mail, he must show that he has exhausted all "administrative remedies under the postal regulations." *Id.*, slip op. at 3 (citing *Djordjevic v. U.S. Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995); *Frank Mastolini & Sons*, 546 F. Supp. 415, 419 (S.D.N.Y. 1982)). I referred Lam to the USPS's International Mail

Manual ("IMM"), 39 C.F.R. § 20.1, which outlines the USPS's administrative procedure for him to recover for the loss of the package from China, and noted that he failed to allege that he filed, at a minimum, an indemnity claim with the USPS. *Id.* Accordingly, I directed Lam to allege how he has exhausted all administrative remedies available to him under the postal regulations, or else the complaint would be dismissed for want of jurisdiction. *Id.*, slip op. at 4.

In his amended complaint, Lam alleges that on December 30, 2005, he filed a postal claim on Form 542, as required by IMM § 928.211. Am. Compl. ¶ 26-27, Ex. H. Lam alleges that his claim was rejected by the USPS's International Claims and Inquiries Office ("ICIO") on January 10, 2006. *Id.* ¶ 27. Lam does not submit a copy of the ICIO's decision or summarize its contents. The decision may have included information on further steps Lam may take in pursuing his indemnity claim with the USPS. Therefore, Lam's pleadings do not establish that he has exhausted all available administrative remedies so that he may pursue this action in this Court. *See Gelbfish v. U.S. Postal* Serv., 51 F. Supp. 2d 252, 254 (E.D.N.Y. 1999) (indemnification action against the USPS in connection with the alleged non-delivery of packages sent via registered mail must be dismissed for lack of subject matter jurisdiction when the intended recipient failed to exhaust administrative remedies, even though the letter from the USPS denying the intended recipient's claim did not set forth his appeal rights); *cf. Gildor v. U.S. Postal Serv.*, 376 F. Supp. 2d 284, 286 (N.D.N.Y. 2005) (before proceeding in district court with a claim against the USPS for loss of a package, plaintiff (1) filed an indemnity claim, (2) appealed the ICIO's denial of the claim, (3) appealed the affirmation to the International Indemnity Claims, International Business division at the USPS's headquarters in Washington, D.C., and (4) filed a claim with the USPS pursuant to the Federal Tort Claims Act). Therefore,

this Court may lack jurisdiction over the instant action.

## CONCLUSION

Accordingly, I grant Lam leave to file an amended complaint within thirty (30) days from the date of this Order. In addition to submitting a copy of the ICIO's denial of his Form 542 claim, Lam should amend his complaint to allege how he has exhausted all administrative remedies available to him under the postal regulations. Should Lam decide to file an amended complaint, it must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as a "SECOND AMENDED COMPLAINT" and bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days for Lam to comply with this order. If Lam fails to comply with this order within the time allowed, the complaint shall be dismissed for want of jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Dated: April 17, 2006
Brooklyn, New York