UNITED STATES DISTRICT COURT                    FOR ONLINE
EASTERN DISTRICT OF NEW YORK                    PUBLICATION ONLY
───────────────────────────────────────X

FRANCIS LAM,

                Plaintiff,          MEMORANDUM
                                            AND ORDER
        -against-               06-CV-0268 (JG)

UNITED STATES POSTAL SERVICE,
KENSINGTON POST OFFICE,

                Defendants.
───────────────────────────────────────X

APPEARANCES:

    FRANCIS LAM
        3845 18th Avenue, Apt. #6F
        Brooklyn, NY 11218-6161
        Plaintiff, *Pro se*

    ROSLYNN MAUSKOPF
        United States Attorney
        Eastern District of New York
        One Pierrepont Plaza, 14th Floor
        Brooklyn, NY 11201
    By:   Margot P. Schoenborn
        Assistant United States Attorney
        Attorney for Defendants


JOHN GLEESON, United States District Judge:

        Plaintiff Francis Lam, appearing *pro se*, filed the instant action on January 23, 2006, alleging that defendants failed to deliver two registered packages sent from China to his Brooklyn address.  According to the complaint, the packages contained rare ancient Chinese currency that Lam purchased on E-Bay for $229.90.  In spite of the purchase price, Lam alleges that the currency is worth more than $1,000.  He now seeks damages of $1,000.  Defendants

move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion to dismiss is granted.

A. Procedural Background

By order dated February 26, 2006, I found that the "postal matters exception" to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*., does not apply to registered mail, thereby allowing subject matter jurisdiction to exist in the event that the FTCA's other jurisdictional requirements -- such as exhaustion of administrative remedies -- have been met. Accordingly, I directed Lam to amend his complaint within 30 days to allege how he complied with all postal regulations in seeking recovery for loss of international inbound mail.

Lam filed an amended complaint on March 24, 2006. Upon reviewing Lam's submission, I concluded that he failed to comply with my prior order. In an order dated April 17, 2006, I held that in order to preserve his claim, Lam must amend his complaint to allege how he has exhausted all administrative remedies available to him under the postal regulations. I also directed Lam to submit a copy of the denial form issued by the International Claims and Inquiries Office ("ICIO") in response to his alleged Form 542 postal claim. I granted Lam 30 days to amend his complaint. Lam did not request an extension of the 30-day time period.

On May 18, 2006, after that time period had lapsed, the government filed the instant motion to dismiss, arguing lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.[1] The papers in support of the motion include the Declaration of Stuart James, an attorney employed by the United States Postal Service ("USPS") Law

---

[1] The government also correctly contends that only the United States Postal Service -- not the Kensington Post Office -- is a proper defendant.

Department in New York. On June 26, 2006, nearly 70 days after I ordered Lam to amend his complaint within 30 days, Lam filed a motion pursuant to Fed. R. Civ. P. 15 and attached an "Affidavit/Affirmation," which I construed as a second amended complaint. On the same day, Lam also filed an "Affirmation in Opposition" to the Motion to Dismiss.

On August 1, 2006, Lam filed a "Notice of Discovery and Inspection," describing records the USPS turned over to him through discovery. The records appear to show that both packages in question were delivered to, and signed for by, recipients in the United States other than Mr. Lam.[2]

I heard oral argument on the motion to dismiss as well as on Lam's motion to amend on September 15, 2006.

B.  Discussion

   1.   Standard of Review

"In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)( 1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 140 (2d Cir. 2001). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. See *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). However, when jurisdictional facts are called into question, "jurisdiction must be shown affirmatively, and that showing is not made by

---

[2] Through e-mail correspondence with the seller, Lam learned that the two packages he was expecting were registered as numbers 240029878CN ("Package 1") and 240029864CN ("Package 2"). Lam has demonstrated that USPS left a notice of delivery regarding Package 1 at his address on July 1, 2005. However, USPS records show that on July 2, 2005, USPS delivered Package 1 to a different Brooklyn address in Lam's zip-code, and that "Khrustuna Mnochico" signed for the package. On July 19, 2005, USPS delivered Package 2 to an address in Farmington, New Mexico. That package was signed for by "Win Heath." Lam never received a notice of delivery regarding Package 2.

3

drawing from the pleadings inferences favorable to the party asserting it." *Id*. In a case brought pursuant to the FTCA, "[t]he party asserting jurisdiction has the burden of pleading and proving compliance with the procedural requirements of the FTCA." *Furman v. U.S. Postal Service*, 349 F. Supp. 2d 553 (E.D.N.Y. 2004)(citing *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir.1987)).

A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999).

2. Subject Matter Jurisdiction

The United States enjoys sovereign immunity from suit without its consent, and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). *See also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). The FTCA provides the requisite consent in certain tort cases. The statute grants district courts exclusive jurisdiction over this set of cases. However, the FTCA also includes several exceptions to the waiver of sovereign immunity. One exception, known as the "postal matter exception," voids consent to suit in "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

In my order dated February 28, 2006, I found that the postal matter exception does not apply to bar lawsuits against the United States for damages caused by the loss of registered mail, and therefore does not categorically bar a negligence claim in this case. *See Lam v. U.S. Postal Serv.*, No. 06-CV-0268, *slip op.* at 2 (JG) (E.D.N.Y. February 28, 2006)(citing the Court's statement in *Frank Mastoloni & Sons v. U.S. Postal Serv.*, 546 F. Supp. 415, 419 (S.D.N.Y. 1982), that "[r]egistered mail in essence is an exception to the Federal Tort Claims Act and allows post office liability to attach for negligent loss or damage to mail."). Upon further examination, however, I conclude that I was wrong. The postal matter exception does in fact bar a negligence claim in this case, where the plaintiff alleges that the USPS lost two "registered parcels" sent to him from China.

"In construing the exceptions to the FTCA's waiver of sovereign immunity, courts should look to the intent of Congress." *Raila v. U.S.*, 355 F.3d 118, 120 (2d Cir. 2004) (citing *Smith v. United States*, 507 U.S. 197 (1993)). The legislative history suggests that Congress created the postal matter exception to the waiver of sovereign immunity because "[i]t would be intolerable, of course, if in any case of loss or delay, the government could be sued for damages." *Hearings on S.2690 Before the S. Comm. on the Judiciary*, 76th Cong. 3d Sess. 38 (1940)(testimony of A. Holtzoff, Special Assistant to Att'y. Gen. of the United States)("Senate Hearings"). *See also Suchomajcz v. United States*, 465 F. Supp. 474, 476 (E.D. Pa. 1979) (interpreting § 2680(b) in light of Special Assistant Holtzoff's remarks). Congress heard testimony that the potentially negative consequences of the exception are counter-balanced by the fact that "[e]very person who sends a piece of postal matter can protect himself by registering it, as provided by the postal laws and regulations." Senate Hearings, 38.

However, by registering mail, patrons do not earn the right to bring suit against the United States in tort. Instead, they may obtain the right to protect their interest through the forms of indemnity that the postal laws and regulations provide. *See Djordjevic v. Postmaster General*, 957 F. Supp. 31, 34 (E.D.N.Y. 1997) (dismissing plaintiff's tort claim for failure to deliver insured international package as barred by § 2680(b), but adding, "Plaintiff's claims against defendants for the value of the contents of the lost mail, however, may be maintained to the extent that the USPS consents to be liable, and the extent of its liability is defined by the postal laws and regulations.")

In my February 26, 2006 order, I cited the court's conclusion in *Mastoloni*, 546 F. Supp. at 419, that "[r]egistered mail in essence is an exception to the Federal Tort Claims Act and allows post office liability to attach for negligent loss or damage to mail." But the plaintiff in *Mastoloni* did not sue the USPS in tort. Rather, it sued the USPS in contract for the failure to fulfill a registered mail agreement. *Id*. at 418. The court determined that the USPS was liable only to the extent that it agreed to be liable pursuant to its Domestic Mail Manual ("DMM"), the postal regulations relevant to that case. *Id*. at 419. Thus, "[r]egistered mail in essence is an exception to the Federal Tort Claims Act and allows post office liability to attach for negligent loss or damage to mail," at 419, only in the sense that the registered mail agreement provides an *alternative* to actions in tort, which are barred. My literal application of the *Mastoloni* court's language was incorrect.

Indeed, courts have dismissed FTCA claims that conflict with the postal matters exception, even where the postal matter at issue was registered or insured. *See Marine Insurance Company, Ltd.*, 378 F. 2d 812 (2d Cir. 1967) (finding that § 2680(b) barred FTCA claim when

6

insured international mail was stolen by a customs employee); *Djordjevic v. Postmaster General*, 957 F. Supp. 31, 34 (E.D.N.Y. 1997) (FTCA claim arising from USPS's failure to deliver insured international package barred by § 2680(b)); *C.D. of NYC, Inc. v. U.S. Postal Service*, 2004 WL 2072032 (S.D.N.Y. 2004) (FTCA claim barred by § 2680(b) where USPS employees arranged the theft of the packages belonging to diamond and jewel merchants).

Therefore, pursuant to the FTCA's postal matter exception, this Court lacks subject matter jurisdiction to hear a negligence claim against the USPS if it arises out of "loss, miscarriage or negligent transmission" of packages addressed to Mr. Lam. Lam's claim does in fact arise out of the loss, miscarriage, or negligent transmission of the packages sent to him from China. Accordingly, I dismiss Lam's negligence claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. I need not reach the additional question of whether Lam fully exhausted the administrative remedies available under the postal regulations.

3. Breach of Contract

28 U.S.C. § 1346(a)(2) provides that the district courts shall have jurisdiction over "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . ." This section provides a sufficient basis for a court's subject matter jurisdiction over any contract claim that does not exceed $10,000. However, as discussed above, Lam's complaint rests on a theory of negligence, and does not allege a breach of contract. *See* "Affidavit/Affirmation" ¶¶ 5, 6, 7, 8.

Even if Lam had alleged a breach of contract, his claim would fail in light of the applicable postal regulations. As noted above, "claims against [USPS] for the value of the contents of the lost mail . . . may be maintained to the extent that the USPS consents to be liable,

7

and the extent of its liability is defined by the postal laws and regulations." *Djordjevic*, 957 F. Supp. at 34. In this case, the relevant postal regulation is the International Mail Manual ("IMM"), incorporated by reference into the Code of Federal Regulations. 39 C.F.R. § 20.1. The IMM's terms are limited to the rights and responsibilities of senders, not addressees. Therefore, Lam, who never entered into a contract with the USPS, may not bring a breach of contract action against the USPS.[3]

C.  Conclusion

For the foregoing reasons, the defendants' motion to dismiss is granted in whole. Unfortunately, the applicable law leaves Lam and other E-Bay buyers without remedy when packages are lost or stolen, and generally leaves E-Bay sellers without incentive to pursue their rights on the buyers' behalf. Nonetheless, the postal matter exception retains a powerful administrative purpose. Buyers like Lam must find alternatives to lawsuits against the USPS to protect themselves in the event that goods are lost or stolen while in transit.

So Ordered.

John Gleeson, U.S.D.J.

Dated: September 25, 2006
       Brooklyn, New York

---

[3] Finally, even if Mr. Lam did have a breach of contract claim against the USPS, IMM 333.2 sets a maximum indemnity limit for registered mail at $44.86 ("Regardless of the declared value of a registered item the maximum amount of indemnity payable for loss damage or rifling is $44.86.").